**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-60932-GAYLES**

JHONNY RAFAEL
RODRIGUEZ GUEVARA,

      Petitioner,

v.

WARDEN, BROWARD
TRANSITIONAL CENTER,
*et al.*,

      Respondents.

_____/

<u>**ORDER DISMISSING PETITION**</u>

**THIS CAUSE** is before the Court on Petitioner Jhonny Rafael Rodriguez Guevara's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was filed on his behalf by his wife Jessica Nallely Rojas Cuba (the "Third Petition"). [ECF No. 1]. Petitioner is detained by United States Immigration and Customs Enforcement (ICE) at Krome Service Processing Center in Miami, and he seeks either immediate release from custody or an individualized bond hearing. *See id.* at 7. For the reasons explained below, the Third Petition is **DISMISSED**.

**I.      BACKGROUND**

On January 29, 2026, Petitioner filed a counseled § 2241 petition that was assigned to another Judge in this District (the "Original Petition"). *See* Pet., *Rodriguez Guevara v. Bondi*, No. 0:26-cv-60256-WPD (S.D. Fla. Jan. 29, 2026), Dkt. No. 1. In the Original Petition, Petitioner argued he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a), *see id.*, while Respondents maintained he is subject to mandatory detention under § 1225(b)(2), *see* Resp., *Rodriguez Guevara*, No. 0:26-cv-60256-WPD (S.D. Fla. Feb. 4, 2026), Dkt. No. 7. The Judge

agreed with Respondents and denied the Original Petition (the "Denial Order"). *See* Order Den. Pet., *Rodriguez Guevara*, No. 0:26-cv-60256-WPD (S.D. Fla. Feb. 12, 2026), Dkt. No. 10.

Two months later, Petitioner filed a *pro se* § 2241 petition that was randomly assigned to this Court (the "Second Petition"). *See* Pet., *Rodriguez Guevara v. Warden, Broward Transitional Center*, No. 0:26-cv-60831-WPD (S.D. Fla. Mar. 20, 2026), Dkt. No. 1. This Court transferred the Second Petition to the Judge who decided the Original Petition, *see* Transfer Order, *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Mar. 24, 2026), Dkt. No. 6, as this District's Local Rules and Internal Operating Procedures contemplate, *see* S.D. Fla. L.R. 3.8; S.D. Fla. I.O.P. 2.15.00 (encouraging judges to avoid "unnecessary duplication of judicial labor" by transferring to "the Judge assigned to the lower-numbered action" any action that "involves subject matter which is a material part of the subject matter of another" action pending before this District). The Judge later summarily dismissed the Second Petition "because Petitioner is not entitled to the relief he requested" (the "Dismissal Order"). *See* Order Dismissing Pet., *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Mar. 27, 2026), Dkt. No. 7.

In the Dismissal Order, the Judge rejected Petitioner's argument that the Second Petition "should not be considered repetitive" of the Original Petition because the Second Petition was "based on newly discovered evidence." *See id.* at 2. Petitioner alleged "a Fourth Amendment unreasonable seizure claim" based on immigration officers' attempts to confirm Petitioner's identity after his arrest and detention, but the Judge concluded that "the remedy for" any "such violation is not Petitioner's immediate release from detention or an individualized bond hearing." *See id.* at 2–3. The Judge also noted that even tainted evidence is "ordinarily admissible in civil immigration proceedings" and that "evidence used only to prove Petitioner's identity is not subject to the exclusionary rule." *See id.* at 3 (quotation marks omitted). For those reasons, the Judge

summarily dismissed the Second Petition and denied as moot Petitioner's associated Emergency Motion for Immediate Release and Motion for Evidentiary Hearing. *See id.* at 3–4.

A few days later, Petitioner filed several more motions, including an Emergency Motion to Alter or Amend the Dismissal Order under Federal Rule of Civil Procedure 59(e) (the "Rule 59(e) Motion"). *See* Emergency R. 59(e) Mot., *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Apr. 1, 2026), Dkt. No. 10. In the Rule 59(e) Motion, Petitioner reiterated his substantive claim that newly discovered evidence demonstrates that immigration officers violated his Fourth Amendment rights. *See generally id.* The Judge denied the Rule 59(e) Motion because it did not raise any new grounds for relief, so it did not meet the Rule 59(e) standard.[1] *See* Order Den. R. 59(e) Mot., *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Apr. 3, 2026), Dkt. No. 15.

On the same day Petitioner filed the Rule 59(e) Motion in Case No. 0:26-cv-60831-WPD, he filed the Third Petition, which was randomly assigned to this Court. *See* [ECF No. 1]. In the Third Petition, Petitioner once again argues that his claims "should not be considered repetitive" because they are "based on newly discovered evidence." *See id.* at 6. The newly discovered evidence Petitioner offers in the Third Petition is the same alleged Fourth Amendment violation he described in the Second Petition. *See id.* at 6–7.

## II.    LEGAL STANDARDS

With limited exceptions that do not apply here, federal courts are not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been

---

[1] The Judge also denied Petitioner's Motion to Preserve Evidence, *see* Mot. to Preserve Evid., *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Apr. 1, 2026), Dkt. No. 11, and his Motion to Add his Spouse Jessica Nallely Rojas Cuba as his Next Friend, *see* Mot. to Add Next Friend, *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Apr. 1, 2026), Dkt. No. 13. *See* Order Den. R. 59(e) Mot., *Rodriguez Guevara*, No. 0:26-cv-60831-WPD (S.D. Fla. Apr. 3, 2026), Dkt. No. 15.

determined by" another federal court "on a prior application for a writ of habeas corpus." *See* 28 U.S.C. § 2244(a). Although § 2241 <u>petitions</u> are not subject to the broad "gatekeeping" rules that strip courts of jurisdiction over unauthorized second or successive § 2254 petitions and § 2255 motions, § 2244(a) performs a narrower gatekeeping function by barring successive § 2241 <u>claims</u>. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). For that reason, if a § 2241 petition raises a claim that "has been previously adjudicated on the merits," the "petition's claims are successive" and "are subject to threshold dismissal in the district court" under § 2244(a). *See Antonelli*, 542 F.3d at 1352.

While the plain language of § 2244(a) refers to litigants who are detained pursuant to a judgment—that is, to prisoners—the statute's targeted gatekeeping function likely applies to § 2241 petitions by immigration detainees as well. The rationale underlying § 2244(a) is that "equity usually will not permit a petitioner to reassert a claim already resolved against him in the hope that his successive petition will be heard by a different and perhaps more sympathetic judge." *See Gunn v. Newsome*, 881 F.2d 949, 955 (11th Cir. 1989); *cf.* 28 U.S.C. § 2254 Rule 9 advisory committee note (explaining that the rule prohibiting successive petitions exists to ensure "the more meritorious petitions can get quicker and fuller consideration" by discouraging "abusive use of the writ," such as when a litigant submits "a successive application, already decided on the merits," in "the hope of getting before a different judge in multijudge courts"). The Eleventh Circuit has also recognized the companion "important need for finality" in legal proceedings, which "counsels strongly against courts repeatedly reviewing" claims that have already been decided on the merits. *See Gunn*, 881 F.2d at 955.

Courts value those same principles—preventing judge-shopping, prioritizing meritorious petitions, and preserving finality—in the immigration habeas context. Indeed, at least one court in

4

this Circuit has recognized that § 2244(a)'s targeted gatekeeping function encompasses claims in an ICE detainee's subsequent § 2241 petition. *See Torres Jimenez v. Warden, Fla. Soft Side S.*, No. 2:26-CV-595-SPC-DNF, 2026 WL 739563, at *1 n.1 (M.D. Fla. Mar. 17, 2026) (citing § 2244(a) and explaining that an ICE detainee's subsequent § 2241 petition "is not barred as successive because it raises new and distinct claims"). That approach makes sense, as courts have long interpreted habeas rules and provisions that apply to § 2254 petitions (which are filed by people subject to a judgment) to apply with the same force to § 2241 petitions (which are filed both by people subject to a judgment and by people not yet subject to a judgment, like pretrial and immigration detainees). *See, e.g.*, 28 U.S.C. § 2254 Rule 1(b).

## III.   DISCUSSION

As explained above, if a § 2241 petition raises a claim that has been previously adjudicated on the merits, the petition's claims are successive and are subject to threshold dismissal under § 2244(a). *See Antonelli*, 542 F.3d at 1352. While § 2244(a) does not explicitly mention habeas challenges brought by immigration detainees, this Court finds that the statute applies in the immigration habeas context. *See Torres Jimenez*, 2026 WL 739563, at *1 n.1. This consistent application furthers § 2244(a)'s underlying principles of preventing judge-shopping, prioritizing meritorious petitions, and preserving finality across all habeas situations. *See Gunn*, 881 F.2d at 955; 28 U.S.C. § 2254 Rule 9 advisory committee note. It also comports with this District's desire to avoid the unnecessary duplication of judicial labor. *See* S.D. Fla. L.R. 3.8; S.D. Fla. I.O.P. 2.15.00.

Because the legality of Petitioner's detention has been determined—in fact, it has already been resolved against him—by another Judge in this District on a prior application for a writ of habeas corpus, the claims in the Third Petition are subject to threshold dismissal under § 2244(a).

5

*See Antonelli*, 542 F.3d at 1352; *Gunn*, 881 F.2d at 955. As a result, the Court finds that the Third Petition's claims are successive and must be dismissed under § 2244(a). *See Antonelli*, 542 F.3d at 1352. And because the Third Petition's claims must be dismissed as successive, Petitioner's companion Emergency Motion for Immediate Release, *see* [ECF No. 3], and Motion for Evidentiary Hearing, *see* [ECF No. 4], must be denied as moot.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED** as successive under 28 U.S.C. § 2244(a). *See Antonelli*, 542 F.3d at 1352.

2. The Emergency Motion for Immediate Release, [ECF No. 3], is **DENIED AS MOOT**.

3. The Motion for Evidentiary Hearing, [ECF No. 4], is **DENIED AS MOOT**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of April, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

Cc:

**Jhonny Rafael Rodriguez Guevara**
A#240-068-211
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov